UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| - v. - | : | S1 19 Cr. 844 (CS) |
| AMEET GOYAL, | : | |
| Defendant. | : | |

WHEREAS, on November 21, 2019, a grand jury in the Southern District of New York returned Indictment 19 Cr. 844 (CS) charging the defendant in three counts: Count One charged the defendant with health care fraud in violation of Title 18 U.S.C. §§ 1347 and 2; Count Two charged wire fraud in violation of Title 18 U.S.C. §§ 1343 and 2; and Count Three charged false statements relating to health care matters, in violation of Title 18 U.S.C. §§ 1035 and 2;

WHEREAS, on November 22, 2019, the defendant was arrested and made his initial appearance before U.S. Magistrate Judge Paul Davison, at which time the defendant pleaded Not Guilty and was released subject to the following bail conditions, which were satisfied:

- Execution of a $1,000,000 personal recognizance bond, co-signed by a financially responsible person and secured by the defendant's home;

- Surrender of all travel documents and no new applications to be submitted;

- Travel restricted to the Southern and Eastern Districts of New York and Florida, with advanced permission from Pretrial Services, and the District of Connecticut; and

- Mental health treatment as directed.

WHEREAS, on December 23, 2019, this Court modified the defendant's bail conditions to allow travel to the District of New Jersey upon advance notice given to the Pretrial Services Office;

WHEREAS, on June 23, 2020, a grand jury in the Southern District of New York returned Superseding Indictment S1 19 Cr. 844 (CS) charging the defendant in six counts. Count One charges the defendant with health care fraud in violation of Title 18 U.S.C. §§ 1347 and 2; Count Two charges wire fraud in violation of Title 18 U.S.C. §§ 1343 and 2, Count Three charges false statements relating to health care matters, in violation of Title 18 U.S.C. §§ 1035 and 2; Count Four charges bank fraud in violation of Title 18 U.S.C. §§ 1344, 3147(1), and 2; Count Five charges false statements to a bank in violation of Title 18 U.S.C. §§ 1014, 3147(1), and 2; and Count Six charges false statements in violation of Title 18 U.S.C. §§ 1001, 3147(1), and 2;

WHEREAS, on June 26, 2020, the defendant made his initial appearance on the Superseding Indictment before this Court, and pleaded Not Guilty;

WHEREAS, the government and the defendant have jointly proposed for the Court's consideration the following new combination of bail conditions, all of which must be satisfied by July 6, 2020:

1. The defendant will be placed on home incarceration at ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊, monitored electronically, with permission to leave only for court appointments, his own medical appointments, and visits with counsel;

2. The defendant will voluntarily surrender his license to practice medicine in every state where he is licensed, and not make any new applications;

3. The defendant will cause his ophthalmology practice, Ameet Goyal MD PC, d/b/a Eye Associates Group, d/b/a Rye Eye Associates, d/b/a Mt. Kisco Associates, d/b/a Greenwich Eye Associates, d/b/a Dutchess Eye Associates (the "Practice"), to cease operations and will not reopen the Practice or any successor practices;

4. The defendant will withdraw from participating with any public or private health insurance payers, and not make any new enrollment applications;

5. The defendant will disclose any and all of his personal or joint financial records in his possession, custody or control from November 2019 to the present to Pretrial Services and the government;

6. The defendant will not make any application for any loan or new credit without leave of Pretrial Services;

7. The defendant will not transfer or sell, or dispose of any asset above two thousand ($2,000) dollars, without leave from Pretrial Services, except for payment towards his monthly mortgage payment, personal medical bills, recurring utilities bills, and recurring insurance payments, which shall not require such leave;

8. The defendant may use internet-accessible devices only with monitoring equipment, and only for purpose of correspondence with specified family members, the offices of his personal health care providers, his personal health insurance for approval of treatment and payment purposes, his legal counsel, and the co-signer on his personal recognizance bond (names provided in Attachment A hereto); and,

9. The defendant's travel, to the extent permissible under his home incarceration condition, to be restricted to Southern District of New York and the District of Connecticut.

Notwithstanding any of the foregoing, the defendant will be permitted, beyond July 6, 2020, to take (1) such steps as are reasonably necessary and in the best interest of his patients to assure the safe transfer and continuity of their treatment and care by successor health care providers, and (2) such steps as are reasonable and necessary to wind down his Practice, including collection of outstanding accounts receivable for care provided prior to July 6, 2020, and sales of equipment.

WHEREAS, the Court finds satisfactory the combination of conditions proposed by the parties and set forth above to reasonably assure the appearance of the defendant and the safety of the community, the conditions are SO ORDERED.

_Cathy Seibel 7/1/20_
HON. CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

FAMILY

Anuj Goel

Anjali Goel

Kamlesh Goel

Alka Goyal

Riya Goyal

Akash Goyal

Shivani Goyal

Amit Jain

Sushma Jain

Michael Alter

Eileen Velasquez Goel

CO-SIGNER

Raj Tewani

LEGAL ADVISERS

Mukasey, Frenchman & Sklaroff LLP

Michael Kaplen, Esq.

Larry Vernaglia, Esq.

Michael Bunsis, Esq.

Bruce Yannett, Esq.

Frank Longo, Esq.

Kenneth Larywon, Esq.

Jeannine Foran, Esq.

Michelle Rider, CPA, Esq.

HEALTH CARE PROFESSIONALS

[redacted]

HEALTH INSURANCE

Aetna