UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :   CONSENT PRELIMINARY ORDER
            - v. -                :   OF FORFEITURE/
                                  :   MONEY JUDGMENT
AMEET GOYAL,                      :
                                  :   S1 19 Cr. 844 (CS)
            Defendant.            :
- - - - - - - - - - - - - - - - - x

        WHEREAS, on or about June 23, 2020 AMEET GOYAL (the "defendant"), was charged in a six-count Superseding Indictment, S1 19 Cr. 844 (CS) (the "Indictment") with healthcare fraud, in violation of Title 18, United States Code, Section 1347 (Count One); wire fraud, in violation of Title 18, United States Code, Section 1343 (Count Two); false statements relating to healthcare matters, in violation of Title 18, United States Code, Section 1035 (Count Three); committing bank fraud while on pretrial release, in violation of Title 18, United States Code, Sections 1344 and 3147(1) (Count Four); making false statements to a bank while on pretrial release, in violation of Title 18, United States Code, Sections 1014 and 3147(1) (Count Five); and making false statements while on pretrial release, in violation of Title 18, United States Code, Sections 1001 and 3147(1) (Count Six);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two, and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code,

Section 2461(c), of any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses alleged in Counts One, Two, and Three of the Indictment, including but limited to a sum of money in United States currency representing the amount of gross proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Four and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses alleged in Counts Four and Five of the Indictment, including but limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment included a forfeiture allegation as to Count Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(3) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense alleged in Count Six of the Indictment, including but limited to a sum of money in United States currency

representing the amount of proceeds traceable to the commission of the offense;

WHEREAS, on or about September 13, 2021, the defendant pled guilty to Counts One, Two, Three, Four, Five, and Six of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One, Two, Three, Four, Five, and Six of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(7), 982(a)(2)(A), 982(a)(3), and Title 28, United States Code, Section 2461(c), a sum of money equal to $3,600,000.00 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One, Two, Three, Four, Five, and Six of the Indictment that has not yet been relinquished by the defendant;[1]

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $3,600,000.00 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Three, Four, Five, and Six of the Indictment that the defendant personally obtained; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the

---

[1] The victimized bank in the offenses charged in Counts Four, Five, and Six of the Indictment recovered the full proceeds of those offenses from the defendant's bank account after the return of the Indictment. Accordingly, the amount of the money judgment is based solely on the proceeds of the offenses charged in Counts One, Two, and Three of the Indictment personally obtained by the defendant.

offenses charged in Counts One, Two, Three, Four, Five, and Six of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorneys, Margery Feinzig, David R. Felton, and Vladislav Vainberg, of counsel, and the defendant, and his counsel, Marc L. Mukasey, Esq., that:

1.  As a result of the offenses charged in Counts One, Two, Three, Four, Five, and Six of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $3,600,000.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Three, Four, Five, and Six of the Indictment that the defendant personally obtained, shall be entered against the defendant.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, AMEET GOYAL, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office,

Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

    4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

    5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

    6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

    7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

    8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney

Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____            _____
    Vladislav Vainberg                         DATE
    David Felton
    Margery Feinzig
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-1029 / 2299 / (914) 993-1903

AMEET GOYAL

By: _____            9/12/2021
    AMEET GOYAL                                DATE

By: _____            9/12/21
    MARC L. MUKASEY, ESQ.                     DATE
    Attorney for Defendant
    Mukasey Frenchman LLP
    570 Lexington Avenue, Suite 3500
    New York, NY 10022

SO ORDERED:

_____                 9/13/21
HONORABLE CATHY SEIBEL                         DATE
UNITED STATES DISTRICT JUDGE