UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-　　　　　　　　　　　　　　　　　　　　**STIPULATION AND ORDER**

AMEET GOYAL,　　　　　　　　　　　　　　　　S1 19 Cr. 844 (CS)

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about June 26, 2020, AMEET GOYAL (the "Defendant") was charged in a six-count Superseding Indictment, S1 19 Cr. 844 (CS) (the "Indictment"), with health care fraud, in violation of Title 18, United States Code, Sections 1347 and 2 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); false statements relating to health care matters, in violation of Title 18, United States Code, Sections 1035 and 2 (Count Three); bank fraud, in violation of Title 18, United States Code, Sections 1344, 3147(1) and 2 (Count Four); making false statements to a bank, in violation of Title 18, United States Code, Sections 1014, 3147(1) and 2 (Count Five); and making false statements, in violation of Title 18, United States Code, Sections 1001, 3147(1) and 2 (Count Six);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real and personal, that constitutes or is derived, directly or indirectly from gross proceeds traceable to the commission of the offenses alleged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency, representing the proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation with respect to Counts Four and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of the commission of the offenses alleged in Counts Four and Five of the Indictment, including but not limited to a sum of money in United States currency, representing the proceeds traceable to the commission of the offenses charged in Counts Four and Five of the Indictment;

WHEREAS, the Indictment included a third forfeiture allegation with respect to Count Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(3), of any and all property, constituting or derived from proceeds obtained, directly or indirectly, as a result of the commission of the offense alleged in Count Six of the Indictment, including but not limited to a sum of money in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Six of the Indictment;

WHEREAS, on or about September 13, 2021, the Defendant pled guilty to Counts One through Six of the Indictment, pursuant to a plea agreement with the Government;

WHEREAS, on or about September 15, 2021, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Forfeiture Order") (D.E. 97) against the Defendant, imposing a Money Judgment in the amount of $3,600,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Six of the Indictment that the Defendant personally obtained;

WHEREAS, the Forfeiture Order authorized the Government, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

WHEREAS, to date, $1,809,146.08 of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, the Government has located the following asset of the Defendant:

a. 5 Mount Holly Drive, Rye, New York 10580, Map No. 20670, Lot 25, Town and Village of Harrison, County of Westchester, State of New York,

(the "Subject Property");

WHEREAS, the Subject Property is jointly owned by the Defendant and his wife, Alka Goyal;

WHEREAS, the Government asserts that Defendant's interest in the Subject Property is forfeitable as a substitute asset; and

WHEREAS, the Government has agreed to accept the sum of $700,000 in United States currency from Alka Goyal, representing the value of the Defendant's interest in the Subject Property.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Damian Williams, United States Attorney for the Southern District of New York, Assistant United States Attorneys Vlad S. Vainberg, David Felton, and Margery Feinzig, of counsel, and the Defendant and his counsel, Marc Mukasey, Esq., Torrey K. Young, Esq., and Stephanie Guaba, Esq., and Alka Goyal and her counsel Evan T. Barr, Esq. and Linda Imes, Esq., that:

1. Upon entry of this Stipulation and Order, Alka Goyal agrees to make a payment to the Government in the amount of $700,000 in United States currency (the "Payment") which shall be made by bank or certified check payable to the United States Marshals Service and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

2. Upon receipt, the Government shall apply the Payment towards the satisfaction of the Money Judgment.

3. Upon receipt of the Payment, the Government shall not seek the forfeiture of the Defendant's interest in the Subject Property as a substitute asset. The Payment shall be in full satisfaction and settlement of all claims, civil or criminal, that the Government may have to the Subject Property arising from the offenses described in the Indictment.

4. The Government hereby consents to the transfer of the Defendant's ownership interest in the Subject Property to Alka Goyal under the terms and conditions set forth in this Stipulation and Order.

5. The Government agrees to execute any such documents as necessary to ensure that it has released any and all claims it may have to the Subject Property.

6. This Stipulation and Order constitutes the entire agreement between the Government, the Defendant, and Alka Goyal (the "Parties") on the matters raised herein, and no other statement, promise or agreement, either written or oral, made by any party or agents of any party that is not contained in this Stipulation and Order shall be enforceable.

7. Each party agrees to bear their own costs and attorneys fees.

4

8. The Parties hereby waive all rights to challenge or contest the validity of this Stipulation and Order.

9. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.     The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  *David Felton*                         1/18/2023
     VLAD S. VAINBERG                 DATE
     DAVID FELTON
     MARGERY FEINZIG
     Assistant United States Attorneys
     One St. Andrew's Plaza
     New York, NY 10007
     (212) 637-1029/-2299

ALKA GOYAL

By:  *[signature]*                           12/22/22
     ALKA GOYAL                        DATE

By:  *[signature]*                           1/18/23
     EVAN T. BARR, ESQ.            DATE
     One New York Plaza
     New York, NY 10004

     LINDA IMES, ESQ.
     51 Madison Avenue
     New York, NY 10010

     Attorneys for Alka Goyal

By: _____
AMEET GOYAL

By: _____
MARC MUKASEY, ESQ.
TORREY K. YOUNG, ESQ.
STEPHANIE GUABA, ESQ.
570 Lexington Ave, Suite 3500
New York, NY 10022

Attorneys for Defendant

12/13/2022
DATE

12/16/22
DATE

SO ORDERED:

*Cathy Seibel*
_____
HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

1/19/23
DATE