UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　ORDER

AMEET GOYAL,　　　　　　　　　　　　　　　19-CR-844 (CS)

        Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Ameet Goyal's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 161.)  Defendant was convicted of six fraud counts relating to two separate schemes, and was sentenced principally to 96 months' imprisonment.  (ECF No. 108.)

      Defendant's motion under § 3582(c)(2) relies on an amendment to the United States Sentencing Guidelines that was made retroactive and that provides for a two-level reduction in offense level for offenders wth zero criminal history points who meet certain conditions.  But that new Guideline, U.S.S.G. § 4C1.1, does not apply to Defendant.  It applies only to Defendants who meet eleven criteria, one of which is that he not have received an adjustment for aggravating role under U.S.S.G. § 3B1.1.[1]  But Defendant stipulated to and received such an adjustment.  (PSR ¶¶ 10(vii), 86; ECF No. 134 ("Sent. Tr.") at 45-46.)

---

[1] Although the Guideline is quite clear that an eligible defendant must meet all eleven criteria, Defendant seems to have tried to obfuscate his ineligibility by combining the last two criteria – that the defendant did not receive an aggravating role adjustment and was not engaged in a continuing criminal enterprise – into one, claiming that he is eligible because he "did not receive an adjustment under § 3B1.1 (Aggravating Role) while engaged in a continuing criminal enterprise." (ECF No. 161 at 2.)  This apparent attempt to mislead is, unfortunately, of a piece with Defendant's history of false statements.

Even if Defendant met the criteria in U.S.S.G. § 4C1.1, he would still be ineligible for a reduction because, pursuant to U.S.S.G. § 1B1.10(b)(2)(A), a reduction under § 3582(c)(2) may not result in a term less than the minimum of the amended Guidelines range. Defendant's range was 151-188 months, based on an offense level of 34 and a criminal history category of I. (PSR ¶ 140; Sent. Tr. at 46.) If the offense level were reduced to 32, Defendant's range would be 121-151 months. His sentence of 96 months is already below the low end of that range, so he could not receive a reduction even if he were eligible under § 4C1.1. *See United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024) ("[I]f a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2).").

Because Defendant is ineligible for a reduction, I need not consider the 18 U.S.C. § 3553(a) factors. *See United States v. Prescod*, No. 18-CR-162, 2024 WL 3758820, at *3 (E.D.N.Y. Aug. 12, 2024) ("The court need not consider the section 3553(a) factors to determine whether a reduction is warranted as [Defendant] is ineligible for the relief sought.")

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 161 and to send a copy of this Order to Ameet Goyal, No. 87508-054, USP Canaan, U.S. Penitentiary, Satellite Camp, P.O. Box 200, Waymart, PA 18472.

Dated: March 28, 2025
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.